IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANNE NELSON, individually, and on behalf of: J. EDMOND
BERTHELOT, JR., DECEASED by assignment and powers
granted under that certain notarized Deed of Trust Dated March 2, 2007
and recorded in Homer Recording District 309, Homer, Alaska in
Document 2007-004554-0; and on behalf of the following parties by
assignment under Power of Attorney: RONALD W. WRIGHT
(April 3, 2009); PAMELA WILBUR (July 2, 2008); ED RICHARDSON
(May 11, 2009); SKYLER WILLIAMS (April 2009); and
STEPHEN SCHOENSTEIN,

    Plaintiffs,

vs.                                                                                                                                                    No. CIV 09-477 RB/KJM

UNITED STATES OF AMERICA; UNITED STATES ATTORNEY
GENERAL; FEDERAL BUREAU OF INVESTIGATION; UNITED
STATES 9TH CIRCUIT APPELLATE COURT; UNITED STATES
DISTRICT COURTS (ALASKA AND CALIFORNIA); STATE
OF ALASKA; ALASKA DEPARTMENT OF PUBLIC SAFETY;
STATE OF CALIFORNIA; ALASKA ATTORNEY GENERAL;
STATE OF CALIFORNIA, OFFICES OF PUBLIC DEFENDER;
CALIFORNIA ATTORNEY GENERAL; CALIFORNIA THIRD
DISTRICT COURT OF APPEALS; STATE OF ALASKA, SUPERIOR
COURT - KENAI; STATE OF ALASKA, DISTRICT COURT - HOMER;
STATE OF CALIFORNIA, SUPERIOR COURTS, PLACER, SACRAMENTO,
RIVERSIDE, and VICTORVILLE; CALIFORNIA MOBILEHOME
OMBUDSMEN; PLACER COUNTY DISTRICT ATTORNEY;
RIVERSIDE COUNTY DISTRICT ATTORNEY; VICTORVILLE
DISTRICT ATTORNEY; ALASKA STATE TROOPERS; ALASKA
COMMISSION ON JUDICIAL CONDUCT; CALIFORNIA FRANCHISE
TAX BOARD; CALIFORNIA HIGHWAY PATROL; STATE OF
CALIFORNIA, COUNTIES OF PLACER and RIVERSIDE;
OFFICE OF PLACER COUNTY COUNSEL; PLACER COUNTY RISK
MANAGEMENT; PLACER COUNTY SHERIFFS DEPARTMENT;
PLACER COUNTY ADULT PROTECTIVE SERVICES; PLACER
COUNTY TAX ASSESSOR; PLACER COUNTY BUILDING
DEPARTMENT; PLACER COUNTY ENVIRONMENTAL HEALTH;
PLACER COUNTY CODE ENFORCEMENT DEPARTMENT;
PLACER COUNTY ANIMAL CONTROL; PLACER COUNTY
PUBLIC WORKS; PLACER COUNTY COMMUNITY DEVELOPMENT
DEPARTMENT; PLACER COUNTY BOARD OF SUPERVISORS;
PLACER COUNTY ASSESSOR; PLACER COUNTY GRAND JURY;
ROSEVILLE POLICE DEPARTMENT; CHARLES WACHOB;

LARRY D. GADDIS; JOSEPH O'FLAHERTY; ALAN PINESCHI;
MARGARET MURPHY; ANNA MORAN; JENNIFER WELLS;
LISA FULTS; DANIEL WESTERBERG; STEVEN KING;
BRAD FENOCCHIO; THOMAS R. DALY; PETER MYLNARIK;
TED NORDGAARDEN; MATTHEW LEVEQUE; JOHN PASTADOR;
JOHN NOVAK; JUNE STEIN; ANTHONY LABOUFF; GERALD O.
CARDEN; DAVID HUSKEY; VALIERIE FLOOD; JAMIE EDWARDS;
RICHARD CRABTREE; DENNIS KELLER; SHELDON HODGE;
JAMES J. LYNCH; HERB WHITAKER; LEGAL SERVICES OF
NORTHERN CALIFORNIA; JOHN MENDEZ; TERRY DUCHARME;
TERESA RAWSON, ROBERT MARTINE; KEN BROWN; CAROLE
BARBER; MICHAEL MARTIN; GREG MARTIN; BRIAN WIRTZ;
MIKE HARRIS; KATHY WISTED; FRED YEAGER; REX
BLOOMFIELD; RICHARD ARMSTRONG; CHAL DECECCO;
FRANK DOMEIER; ART THOMAS; STEPHEN D'ARCY;
SALLY LOBB; DENNIS MEEH; EDWARD BONNER;
JOHN SWEIKAR; DEVON BELL; DANIAL GRAY; MICHELLE
BURNWORTH; ED THOMPSON; DON MICKEL; PHIL HERMANEK;
DORY LYN ANDERSON; THE PENINSULA CLARION NEWSPAPER;
VELMA BAIER; DARYL BAIER; HILLCREST MOBILE HOME PARK
(aka or formerly known as IDLEWHEELS MOBILE HOME PARK);
STEVEN WILLIAMS, individually, as agent for and dba HILLCREST
PROPERTIES, INC. and HILLCREST PROPERTIES OF
FORESTHILL, INC. (also dba HILLCREST MOBILE HOME PARK);
KELLY CHRISTENSEN; JAMES WOOD and JOSEPH CARROLL,
individually and as Agents or Representatives of HILLCREST PROPERTIES,
INC., HILLCREST PROPERTIES OF FORESTHILL, INC., and HILLCREST
MOBILE HOME PARK; AMANDA BERTHELOT, Individually and
as Personal Representative of the ESTATE OF JOSEPH EDMOND
BERTHELOT, JR., Deceased; ESTATE OF JOSEPH EDMOND
BERTHELOT, JR.; and MIKE TENNISON,

       Defendants.

## ORDER DENYING MOTION TO RECONSIDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff Dianne Nelson's Motion for Reconsideration of the Court's June 5, 2009 Order denying leave to proceed *in forma pauperis* ("IFP") and dismissing her Complaint, filed June 17, 2009 (Doc. 8), and on her Amended Motion to Proceed IFP, filed June 18, 2009 (Doc. 10). Ed Richardson and Stephen Schoenstein have also signed the Motion for Reconsideration, but the Court dismissed their requests for an emergency

2

temporary restraining order that Nelson had attempted to bring on their behalf because Nelson was the only person who signed the Complaint and she can not bring claims on behalf of others. Richardson and Pamela Wilbur also have filed declarations indicating that they are willing to sign an amended complaint and participate in the litigation so that their claims may be addressed. *See* Docs. 11, 12. Nelson contends that the Court should reinstate Richardson's and Schoenstein's claims because they signed the declaration attached to the request for TRO.

The Court construes Nelson's Motion for Reconsideration as one brought under Fed. R. Civ. P. 59(e) because it was filed within ten days of the final judgment in this case. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59(e) motions may be granted if there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," as "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); Fed. R. Civ. P. 59(e). Reconsideration is not "appropriate to revisit issues already addressed" just because a party disagrees with the court's legal conclusions. *Id.*

Nelson contends that the Court made "deliberate misstatements about who actually brought the request for TRO." Doc. 10 at 5. But it is Nelson who styled her Complaint, and she stated that she brought the Complaint "individually and *on behalf of*" the other listed individuals. Doc. 1 at 1. She alone signed the Complaint, and she stated that she was filing the request for TRO through a "power of attorney" for Wright, which was not permissible, and as an alleged Trustee for the Berthelot Estate and Schoenstein in the situation in which she also provided proof that the Alaska Courts had named Amanda Berthelot as the Estate's personal representative, and not her.

In the June 5, 2009 Order, the Court noted that Nelson "reports an income of $1132/month

3

and housing costs of only $375/month, with an additional $50/month being paid toward medical bills" and that she claimed no other expenses. *See* Doc. 7 at 5. Nelson asserts that the Court deliberately misrepresented that she had not established facts demonstrating indigency in her initial application to proceed IFP, *newly* alleging that she has around $150-$200/month in additional medical expenses not covered by insurance that she did not include in her previous application and that she *now* receives less money through social security disability payments than previously reported to the Court. This new information clearly does not establish that the Court made deliberate misstatements about Nelson's previously reported income and expenses. More importantly, however, the Court did not deny IFP status solely because of Nelson's income and expenses, but because she had not presented a viable federal claim for relief. *See id.*

As to Nelson's complaint that the clerk of the Court erroneously told Richardson he did not need to file a motion to proceed IFP, the clerk's statement was correct because Richardson did not sign the Complaint. *See* Doc. 1 at 47.

Nelson's contention that the Court deliberately misstated facts by holding that "Nelson has not stated facts that give rise to a cognizable federal question" Doc. 8 at 6, and most of her other contentions, *see id.* at 6-8, are nothing more than disagreements with the Court's legal conclusions.

Nelson's contention that the Court has stated that "'Nelson . . . . and four other Plaintiffs in this case' 'owned'" the disputed property in Alaska, which is "completely untrue," Doc. 8 at 6, is itself a misstatement. The Order states that "Nelson attempts to represent her deceased fiancé–based on the fact that she has a Deed of Trust on a home that he owned–and four other Plaintiffs in this case." Doc. 7 at 5. Nelson's contention is patently frivolous.

The Court will not permit Richardson, Schoenstein, or Wilbur to sign an amended complaint to reinstate their claims. They and Nelson ignore the Court's rulings that

> none of Nelson's federal claims–if there were any–could succeed absent a holding that the state-court rulings were wrong, [thus] they are barred by the *Rooker-Feldman* doctrine. Instead, review of the state-court judgments and the underlying rulings must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. In this case, as discussed above, Nelson could seek review of the state-court proceedings regarding Edmond's estate, the title to his property, and her rights in the Deed of Trust or to possession only in the Alaska state courts of appeal and then to the United States Supreme Court, and could seek review of the proceedings in California only in the California state courts of appeal and the United States Supreme Court.

Doc. 7 at 18. These rulings apply with equal force to any claims that Richardson, Schoenstein, or Wilbur may have, thus amendment of the Complaint to add them as parties would be futile. Further, "under § 1915, the district court may consider personal jurisdiction and venue *sua sponte* . . . when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted).

> In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process. Because 42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, Fed.R.Civ.P. 4(k)(1)(A) refers us to the New Mexico long-arm statute, which is coextensive with constitutional limitations imposed by the Due Process Clause. . . .
>
> The exercise of jurisdiction over a nonresident defendant comports with due process so long as there exist minimum contacts between the defendant and the forum State. The minimum contacts necessary for specific personal jurisdiction may be established where the defendant has purposefully directed its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum.

*Id.* at 1217-18 (internal quotation marks and citations omitted). It is clear from Nelson's detailed Complaint that none of the Defendants have had any contacts with the state of New Mexico in engaging in the alleged activities of which Nelson complains; that none of them have directed their

5

activities toward this jurisdiction; and that the claims are not based on activities that arose out of or relate to any alleged contact with New Mexico.  There are no facts to suggest that any of the Alaska or California Defendants "were engaged in systematic and continuous activities in New Mexico," nor does the Court believe that Nelson could allege facts sufficient to support such a conclusion. *See id.* at 1218 n.7.  The Court does not have personal jurisdiction over any of the Alaska or California Defendants, which provides yet another basis for not allowing amendment of the Complaint to add plaintiffs or additional claims relating to the same sets of circumstances.

The Court also rejects Nelson's argument that 28 U.S.C. § 1915 applies only to prisoners. *See Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."). Nelson advances no grounds that warrant reconsideration.

**WHEREFORE,**

**IT IS ORDERED** that Nelson's motion for reconsideration (Doc. 8) and her amended motion to proceed IFP (Doc. 10) are DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**